DA 10-0444

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 226N

STATE OF MONTANA,

  Plaintiff and Appellee,

 v.

LARRY HAMBY,

  Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DC 08-554
       Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

    Joslyn Hunt, Chief Appellate Defender; Koan Mercer,
    Assistant Appellate Defender, Helena, Montana

  For Appellee:

    Steve Bullock, Montana Attorney General; Tammy Plubell,
    Assistant Attorney General, Helena, Montana

    Fred Van Valkenburg, Missoula County Attorney; Kristen Pabst LaCroix,
    Deputy County Attorney, Missoula, Montana

        Submitted on Briefs: August 24, 2011

           Decided: September 13, 2011

Filed:

    _____
          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Larry Hamby appeals from his convictions of the crimes of deliberate homicide, attempted deliberate homicide and driving with a suspended license. Hamby argues on appeal that the District Court erred by not allowing him to dismiss his appointed attorneys and represent himself, and that he received ineffective assistance of counsel.

¶3 A defendant's request for self-representation and waiver of counsel must be voluntary, knowing, intelligent and unequivocal. *State v. Dawson*, 2006 MT 69, ¶ 13, 331 Mont. 444, 133 P.3d 236; § 46-8-102, MCA. Hamby wrote letters to the District Court requesting to represent himself, and the District Court held two evidentiary hearings on Hamby's requests. Hamby's statements and explanations of his wishes were confusing and inconsistent. During the hearings Hamby made requests to represent himself, to have different counsel appointed, and to have his existing counsel represent him differently. Under these circumstances Hamby did not unequivocally waive the right to counsel and the District Court properly denied Hamby's request.

¶4 We decline to address Hamby's allegations that he received ineffective assistance of counsel. Hamby's claims are not record based and there may be plausible

2

justifications for the actions complained of. We therefore dismiss those claims without prejudice to his filing a petition for postconviction relief. *State v. Frasure*, 2004 MT 305, ¶¶ 12-13, 323 Mont. 479, 100 P.3d 1013.

¶5 The issues in this appeal are legal and are controlled by settled Montana law. The District Court's denial of Hamby's request for self-representation is affirmed and Hamby's claims of ineffective assistance of counsel are dismissed, without prejudice.


/S/ MIKE McGRATH


We concur:


/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS